## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SCOTTY R. GILKEY and | ) | |
| JENNIFER GILKEY, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 15-CV-0711-CVE-PJC** |
| | ) | |
| PATRICIA COUNTS, an individual in her | ) | |
| official and individual capacities et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Claims against the Pawhuska Schools Board of Education and the Race Discrimination Claim under 42 U.S.C. § 1981 (Dkt. ## 12, 13). Defendant Pawhuska Public Schools Board of Education (the Board) argues that it is not an independent entity that is capable of being sued as a matter of Oklahoma law, and it asks the Court to dismiss all of plaintiffs' claims against it. All defendants argue that plaintiff Scotty R. Gilkey's claim under 42 U.S.C. § 1981 should be dismissed, because his § 1981 claim was not filed within the two year statute of limitations.

### I.

Scotty R. Gilkey was hired as the head coach of the Pawhuska High School football team in May 2012, and he claims that he had a "chilly" reception from school employees. Dkt. # 2-2, at 4. He alleges that he hosted a football camp in June 2012 and he used his own funds for the camp, and he claims that the school district did not invest any money in the camp. Id. at 5. He alleges that some of the checks from camp participants were made out to the school, and he was told that it was not a school event and the funds could not be deposited in the football account. Id. However, he

alleges that school officials subsequently accused him of stealing funds from the school when funds from the football camp were not deposited in a school account.  Id.  Also in June 2012, plaintiffs allege, Scotty Gilkey consulted with the superintendent, Dr. Landon Berry, about operating a fireworks stand to raise money for the football team, but he was told by Dr. Berry that it would conflict a fireworks stand being run by cheerleaders.  Jennifer Gilkey, Scotty Gilkey's wife, worked the fireworks stand to raise money for the football team as a favor for a friend.  Id. at 6.

Dr. Berry met with Scotty Gilkey in November 2012 and accused him of stealing money from the school district, and Scotty Gilkey responded that his wife had kept receipts from the football camp and fireworks stand and he would provide an accounting to Dr. Berry.  Id.  Dr. Berry handed a letter to Scotty Gilkey notifying him that he was suspended, and Scotty Gilkey was immediately escorted off the premises.  Id.  Scotty Gilkey's contract was not renewed for the 2013-14 school year.  Id. at 7.  In May 2013, Jennifer and Scotty Gilkey were charged with embezzlement, and plaintiffs claim that the prosecution was initiated without any factual basis and was instigated solely for the purpose of harassing plaintiffs.  Id.  Plaintiffs claim that each of the individual defendants gave false testimony at the trial.  Id.  Scotty and Jennifer Gilkey were acquitted of all charges.  Id. Plaintiffs claim that defendants have continued to harass them after the conclusion of the criminal trial, and Scott Gilkey believes that he has received poor job references that have prevented him from obtaining another coaching job.  Id.

On November 5, 2015, plaintiffs filed this case in Osage County District Court alleging malicious prosecution under state and federal law (count one), statutory blacklisting in violation of OKLA. STAT. tit. 40, § 172 et seq. (count two), a due process claim under the Fourteenth Amendment under the stigma-plus doctrine (count three), a claim under § 1981 (count four), and claims of false

light invasion of privacy (count five) and intentional infliction of emotional distress (count six). Defendants removed the case to this Court on the basis of federal question jurisdiction.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

# III.

The Board argues that plaintiffs' claims against it should be dismissed, because as a matter of Oklahoma law the Board is not an entity that is capable of suing or being sued.  Dkt. # 13, at 3-5. Plaintiffs respond that the Board ignores provisions of the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. (GTCA) stating that a "board" can be held liable for torts committed by its employees.  Dkt. # 15, at 10-13.

The Board asserts that a school district, not the board of education, is the proper defendant to satisfy a judgment against members of the board of education, and the school district will ultimately be responsible for paying a judgment if the individual defendants are liable to plaintiff. Under OKLA. STAT. tit. 70, § 7-105, "[e]very school district shall be a body corporate and shall possess the usual powers of a corporation for public purposes . . . ."  The school district "may sue and be sued and be capable of contracting and being contracted with and holding such real and personal estate as it may come into possession of or by will or otherwise as authorized by law."  Id. Each school district is required to designate a board of education as its governing body, and the members of the board are selected by public election.  OKLA. STAT. tit. 70, §§ 5-105, 5-106.  In Primeaux v. Independent School District No. 5 of Tulsa County, 954 F. Supp. 2d 1292 (N.D. Okla. Nov. 29, 2012), the court concluded that an Oklahoma school board is not an entity that can be sued, because Oklahoma statutes specifically designate the school district as the entity that "may sue and be sued and be capable of contracting and being contracted with . . . ."  Id. at 1295; see also Murphy v. Spring, 2013 WL 5172951 (N.D. Okla. Sep. 12, 2013) (citing Primeaux and dismissing claims against the Tulsa Public Schools Board of Education).

4

Plaintiffs rely on the GTCA and claim that a state "agency" includes "any board, commission, committee, department or other instrumentality or entity designated to act in behalf of the state or a political subdivision." OKLA. STAT. tit. 51, § 152(2).  Plaintiffs cite Black's Law Dictionary and state that the term "board" in the context of public affairs means "[a]n official or representative body organized . . . or having the management of public office or department exercising administrative or governmental functions."  Dkt. # 15, at 11.  Plaintiffs also cite the Oklahoma Open Records Act, OKLA. STAT. tit. 70, § 24A et seq., for the proposition that the term "public body" is defined as "any office, department, [or] board . . . ."  Plaintiffs claim that the GTCA waives the sovereign immunity of any "board" exercising a governmental function and they assert that the Board was properly named as a party.

Plaintiffs' argument misses the mark and their references to the GTCA have no bearing on the Court's decision on whether the Board has been properly named as a defendant.  The GTCA provides a list of entities that may be treated as "agencies" for the purpose of the GTCA, but the GTCA does not create entities under state law that can be sued in tort.  Instead, there must be some other body of law, such as an Oklahoma statute or provision of the Oklahoma Constitution, that creates an entity that is capable of suing or being sued in order for an entity's sovereign immunity to be waived by the GTCA.  The GTCA by itself does not create a state agency that can be sued in tort.  Plaintiffs cite Brashear v. Tulsa County Board of County Commissioners, 2015 WL 8485250 (N.D. Okla. Dec. 9, 2015), but in that case the board of county commissioners was an appropriate party because an Oklahoma statute expressly states that actions against a county must name the board of county commissioners as a defendant.  Id. at *1-2 (citing OKLA. STAT. tit. 19, § 4 for the proposition that a person suing a county must name the board of county commissioner as a

5

defendant).  Plaintiffs claim that the Court should decline to follow <u>Primeaux</u> because the decision failed to consider the GTCA.  However, the statutory scheme creating school boards and school districts clearly sets out that the school district has the capacity to sue and be sued, and the school district, and in some cases members of the board of education, are the proper defendants for claims concerning actions taken by a school board.  Plaintiff has cited no authority showing that the Board has the capacity to sue or be sued under Oklahoma law, and the Board should be dismissed as a party.

**IV.**

Defendants argue that Scotty Gilkey's § 1981 claim is barred by the statute of limitations, because this claim was filed more than two years after the events giving rise to his § 1981 claim. Scotty Gilkey responds that § 1981 was amended in 1991 and the statute of limitations for certain § 1981 claims is four years, and he asks the Court to deny to defendants' motion to dismiss as to the statute of limitations issue.

Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . ."  Prior to 1991, the statute of limitations for a § 1981 claim was determined by reference to the law of the forum state, because § 1981 does not have an express statute of limitations.  <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 379 (2004).  The applicable statute of limitations for § 1981 claims filed in a federal district court in Oklahoma was two years, because the most analogous statute of limitations under Oklahoma law was the two year statute of limitations for claims for injury to personal rights.  <u>EEOC v. Gaddis</u>, 733 F.2d 1373, 1377 (10th Cir. 1984).  In 1989, the Supreme Court held in <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164 (1989), that § 1981 does not provide a cause of action based

6

on an employer's post-formation conduct, including wrongful termination.  Congress subsequently

amended § 1981 by passing the Civil Rights Act of 1991, and § 1981(b) was added to clarify that

§ 1981 applied to the "making, performance, modification, and termination of contracts, and the

enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  Prior

to the passage of the Civil Rights Act of 1991, Congress had enacted 28 U.S.C. § 1658, which

provides that " a civil action arising under an Act of Congress enacted after the date of the enactment

of this section may not be commenced later than 4 years after the cause of action accrues."  The

Tenth Circuit has determined that § 1981 claims that could have been brought only after the 1991

amendment to § 1981 are governed by the four year statute of limitations of § 1658, but claims that

could have been filed before the 1991 amendment must be filed within most analogous state statute

of limitations.  Harris v. Allstate Ins. Co., 300 F.3d 1183, 1190-91 (10th Cir. 2002).

Scotty Gilkey alleges in his amended petition (Dkt. # 2-2) that the events concerning the

formation of his employment contract and defendants' decision not to renew his contract occurred

between May 2012 and May 2013, but he did not file his § 1981 claim until November 5, 2015.  The

appropriate statute of limitations is a critical issue in this case, because Scotty Gilkey's § 1981 claim

will be barred by the statute of limitations if the Court finds that § 1658 is inapplicable.  Defendants

admit that they failed to address the impact of the 1991 amendment to § 1981 in their opening brief,

but they do not concede that the four year statute of limitations of  § 1658 applies to Scotty Gilkey's

§ 1981 claim.  Dkt. # 20, at 2.  Defendants also point out that § 1981 applies only to claims against

private persons, not state actors, and a claim against state actors for alleged racial discrimination in

connection with a contract must be filed under 42 U.S.C. § 1983.  Bolden v. City of Topeka, Kansas,

441 F.3d 1129, 1136-37 (10th Cir. 2006).  This issue was not raised in defendants' opening brief and

7

defendants request that the Court reserve a ruling on the viability on Scotty Gilkey's § 1981 claim pending further development of the record. Dkt. # 20, at 3. The Court agrees that the statute of limitations issue cannot be resolved on a motion to dismiss due to factual issues and Scotty Gilkey should also be given an opportunity to respond to defendants' new argument concerning the viability of a § 1981 claim against state actors, and the Court finds that defendants have effectively requested to withdraw their request for dismissal of Scotty Gilkey's § 1981 claim. The Court will allow defendants to withdraw their motion to dismiss in part to extent that defendants seek dismissal of Scotty Gilkey's § 1981 claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Claims against the Pawhuska School Board of Education and the Race Discrimination Claim under 42 U.S.C. § 1981 (Dkt. ## 12, 13) is **granted in part** and **withdrawn in part**: the motion is granted as to dismissal of the Board and the motion is withdrawn as to defendants' request for dismissal of Scotty Gilkey's § 1981 claim. Defendant Pawhuska Public Schools Board of Education is terminated as a party to this case.

**DATED** this 4th day of August, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

8